IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HEZEKIAH JOEL COLBERT,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CIV-04-141-R |
| | ) |
| **RON WARD, et al.,** | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

Before the Court is the Report and Recommendation entered by United States Magistrate Judge Bana Roberts on July 15, 2005. Also before the Court is Petitioner's "Traverse Response" filed August 8, 2005, which the Court treats as an Objection to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews *de novo* those aspects of the Report and Recommendation to which Petitioner objects.

Petitioner makes two basic objections to the Report and Recommendation. First, he in effect asserts that the Magistrate Judge erred in concluding that the Oklahoma Court of Criminal Appeals' ("OCCA") adjudication in Petitioner's certiorari appeal of his claim in Ground One, that his guilty plea was "unlawfully induced and not made voluntarily or with understanding of the nature of the charge or the consequences of the plea," was not contrary to or an unreasonable application of federal law as determined by the Supreme Court of the United States. To support this objection, Petitioner makes essentially the same arguments he made to the Magistrate Judge and to the state district court when seeking to withdraw his

guilty plea. In his second objection, Petitioner in effect asserts that the Magistrate Judge erred in finding Petitioner's claims in Grounds Two, Three, Four and Five of his petition for a writ of habeas corpus unexhausted.

The Court has carefully reviewed Petitioner's "Plea of Guilty – Summary of Facts" form completed on June 19, 2000, the transcript of the hearing on Petitioner's motion to withdraw guilty pleas held on February 13, 2003, the OCCA's summary opinion denying Petitioner's certiorari appeal, Petitioner's "Traverse Response to Attorney General's Response" filed June 10, 2004, the Report and Recommendation of the Magistrate Judge and Petitioner's arguments directed to Ground One contained in the "Traverse Response" filed August 8, 2005, which the Court treats as an Objection to the Report and Recommendation. The Court fully concurs in the thorough and thoughtful analysis of the claim by the Magistrate Judge and in her conclusion that the OCCA's adjudication of Petitioner's claim that his guilty pleas were not knowingly and voluntarily entered was not contrary to or an unreasonable application of controlling federal law as determined by the Supreme Court of the United States, 28 U.S.C. § 2254(d)(1). *See* Report and Recommendation at p. 11. Additionally, the Court concurs in the Magistrate Judge's implicit finding that Petitioner failed to rebut with clear and convincing evidence the presumption that the state court factual determinations were correct, 28 U.S.C. § 2254(e)(1), and implicit conclusion that the state court adjudication of Petitioner's challenge to his guilty plea as not knowing and voluntary did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court evidentiary hearing on Petitioner's motion

to withdraw his guilty plea, 28 U.S.C. § 2254(d)(2). *See* Report and Recommendation at pp. 6-11.

The Magistrate Judge did address the merits of Ground Three included in the petition for a writ of habeas corpus because Petitioner included that claim in a third application for post-conviction relief and appealed the denial of that claim to the OCCA, which in an alternative holding found that Petitioner's claims of ineffective assistance of counsel were without merit. *See* Report and Recommendation at pp. 13-16. Thus, Petitioner's assertion in his objection that the Magistrate Judge did not address the merits of this claim but held that it was unexhausted and procedurally barred is without merit.

Petitioner asserts that the Magistrate Judge erred in concluding that the claims in Grounds Two, Four and Five were unexhausted and procedurally barred because these claims were included in Petitioner's first and second applications for post-conviction relief which the state district court never addressed. First, the state courts treated Petitioner's first and second post-conviction applications as seeking an appeal out of time with respect to Petitioner's motion to withdraw his guilty pleas, in which neither the district court nor the OCCA would rule on the merits of Petitioner's claims. *See* Report and Recommendation at p. 12 n. 7, *quoting Beavers v. Saffle*, 216 F.3d 918, 924 (10th Cir. 2000). Secondly, Petitioner did not assert these claims in his certiorari appeal or in his third application for post-conviction relief following that appeal. *See id* at p. 16. Accordingly, the Court agrees with the Magistrate Judge that these claims are unexhausted and that the state courts would now find these claims procedurally defaulted on independent and adequate state law grounds.

Therefore, these claims are procedurally defaulted for purposes of federal habeas relief, *see Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640, 659 n. 1 (1991); *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000), the Magistrate Judge did not err in so concluding and Petitioner's objection to that conclusion is without merit.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition of Hezekial Joel Colbert for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

**IT IS SO ORDERED this 8th day of September, 2005.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE